BENBAK CONSTRUCTION COMPANY, PROSECUTOR, v.
BOARD OF ADJUSTMENT OF THE CITY OF ORANGE
ET AL., RESPONDENTS.

Decided June 6, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Frank E. Bradner.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

The prosecutor, owner of a plot of ground fronting two hundred and two feet on Rhode Island avenue and extending from Freeman avenue to Grand avenue, with a depth of one hundred feet, in the city of East Orange, New Jersey, applied to John Scott, building inspector of that city, and requested the issuance of a permit for the erection of two houses of eleven families each, and one house of eight families on the said land.

The application was denied, and from this refusal of a permit the prosecutor appealed to the board of adjustment of the city of East Orange. The board gave notice of a hearing by advertising in a newspaper, and on the day fixed for the hearing the prosecutor appeared by counsel. No testimony was taken and the board of adjustment refused the permit.

It is conceded that the zoning ordinance of the city of Orange prescribed that no building or premises in any district shown as a "small volume residential district" shall be used for other than one or more of the following specified uses: "1. Dwellings for one family only," &c.

The land owned by the prosecutor is located in the small volume residential district, and the proposed building which he intended to erect are designed for more than one family each, and, therefore, his application came directly within the inhibition of the zoning ordinance.

It is urged on behalf of the prosecutor that the board of adjustment should have determined and adjudicated that the zoning ordinance does not, in this case, tend to promote either the public morals, health, safety or general welfare, and should have modified the requirements of the ordinance accordingly, and should have ordered the inspector of buildings to issue the permit.

This court in Feldman & Pivnick, Incorporated, v. Board of Adjustment of the City of East Orange, speaking of the function of the board of adjustment, says: "Such board, when it acts, acts judicially on a lawful ascertainment of facts. *Bilt-Wel. Co.* v. *Dowling,* 5 *N. J. Mis. R.* 180."

"The presumption is that the requirements and regulations of the ordinance are reasonable, unless the contrary is shown (*Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96), and there is a further presumption that the action of the board was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. It follows, therefore, that the action of the board in refusing to vary or modify the terms of the ordinance will not be disturbed, unless its action is shown by lawful evidence to be wrong. *Oxford Construction Co.* v. *Orange,* 5 *Id.* 729."

It appears from the record before us that no testimony was presented to the board on behalf of the prosecutor tending to show that the action of the building inspector, in refusing a permit, was arbitrary or that the ordinance was unreasonable. The board, therefore, very properly refused the prosecutor's application.

The writ is dismissed, but without costs.